**In re Sarah Elizabeth McMINN, Debtor.**

No. 10–23930.

United States Bankruptcy Court, D. Kansas.

July 18, 2011.

John J. Bryan, Bryan, Lykins & Hejtmanek, P.A., Topeka, KS, Russell B. Cloon, Cloon Legal Services, Baldwin City, KS, for Debtor.

**ORDER GRANTING DEBTOR'S MOTION TO IMPOSE AUTOMATIC STAY**

ROBERT D. BERGER, Bankruptcy Judge.

Debtor moves to extend the automatic

stay because she is a repeat filer.[1] No one objects.

### Findings of Fact

Debtor filed a previous Chapter 13 petition on August 24, 2009, which was dismissed on November 3, 2010. Debtor filed her current Chapter 13 petition on November 17, 2010. Debtor voluntarily dismissed her prior case and filed a new case because she was injured post-petition and incurred $40,000 in medical bills. At this time, no one claims Debtor's subsequent case was filed in bad faith.

Debtor filed a motion under § 362(c)(3) and (4) within 30 days of the petition date; however, Debtor did not obtain or complete a hearing within the same 30–day period. Debtor requests her relief be granted without a hearing.

### Conclusions of Law

Sections 362(c)(3) and (4) address abuses by individual debtors who file serial bankruptcy petitions. Section 362(c)(3) concerns new cases where one prior case was pending within the preceding year. Section 362(c)(4) concerns new cases where two or more cases were pending within the preceding year.

Under § 362(c)(3), the automatic stay terminates on the 30th day after the filing of the later case. A debtor may continue the stay past 30 days upon motion, notice, and hearing completed before the 30–day period expires and only if debtor demonstrates the filing of the later case is in good faith.

Section 362(c)(4) has different requirements but, by its terms, does not apply in this case.

The phrase "after notice and a hearing" appears in § 362(c)(3). Pursuant to § 102, "after notice and a hearing" means a hearing is not always necessary. If there is no objection to the motion, the requested action may be authorized without a hearing. This phrase allows the bankruptcy judge to become involved only when there is an objection to the proposed action. The phrase contained in § 102(1)(A) "such opportunity for a hearing as is appropriate in the particular circumstances" allows the court to expedite or dispense with hearings when speed is essential.

If a § 362(c)(3) motion is filed within the 30–day period with appropriate notice and is unopposed, the Court may grant the motion without a hearing.[2] However, in order to do so, there must be an appropriate opportunity to object provided to all creditors. Further, the movant must properly plead all the elements under § 362(c)(3), including rebutting by clear and convincing evidence any presumption the case was not filed in good faith.

In this case, no one filed an objection, and Debtor adequately pled her case. Fortunately for Debtor, no objections were filed because Debtor's counsel allowed himself only two days notice before his time expired to obtain a hearing and the requested relief for his client. In order to take advantage of § 102's benefits, notice with an opportunity to object should be as generous as possible under the particular circumstances of each case. The Debtor's motion is granted.

IT IS SO ORDERED.

---

**1.** Doc. No. 15.

**2.** 3 COLLIER ON BANKRUPTCY ¶ 362.06[3][b] at 362–100 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2011).